UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                  Case No. 6:20-cv-1267-ACC-EJK

WALNER G. GACHETTE, A2Z RENTALS, LLC, LBS HOME LOAN, INC., MARIA GACHETTE, SCOTT RANDOLPH, VICKIE L. POTTS, JOE G. TEDDER, LISA CULLEN, VENTURA COUNTRY CLUB HOMEOWNER'S ASS'N, INC., SKY LAKE SOUTH HOMEOWNER'S ASSOCIATION, INC., POLK COUNTY, FLORIDA, ORANGE COUNTY, FLORIDA, CITY OF ORLANDO, FLORIDA, and CHARLOTTE COUNTY, FLORIDA,

    Defendants.

## ORDER

This cause is before the Court on the Government's Motions seeking to obtain final judgments against Walner Gachette and related entities arising out of tax liabilities. On July 16, 2020, the United States filed a Complaint pursuant to 26 U.S.C. §§ 7401, 7402(a), and 7403 of the Internal Revenue Code of 1986 to enforce certain tax liens and a prior related judgment. Walner Gachette owned, operated, and franchised a tax return preparation business that produced thousands of fraudulent federal income tax returns and generated profits via tax preparation fees for him and his associates. He invested the proceeds of his tax preparation business in residential

properties titled in his own name, his wife's name—Maria Gachette—the name of two-alter ego business entities—LBS Home Loan, Inc. and A2Z Rentals, LLC—and transferred certain properties to a revocable living trust of which he was named trustee. In addition to a criminal conviction,[1] in the related civil case, *United States v. Walner Gachette,* Case No. 14-cv-1539-22EJK, the Government obtained a consent judgment in November 2016 against Walner Gachette for disgorgement of $5 million in ill-gotten gains from his tax preparation business and for cessation of further tax preparation activities. The Government is still owed more than $4.1 million of this disgorgement judgment.

In addition to the claims against him arising from his tax preparation business, Walner Gachette and his tax preparation companies underpaid their own income taxes by failing to report or inaccurately reporting federal income tax liabilities for years 2010 through 2014; additional assessments were made relating to Gachette's 2010–2014, 2017, and 2018 income taxes and for aiding in the preparation of 84 false tax returns. The Government recorded multiple Notices of Federal Tax Liens in the real property records of Orange County, Florida, based on the tax assessments.

On October 27, 2020, the Government filed a Motion for Judgment on the Pleadings (Doc. 106) against Walner G. Gachette individually, after he filed his one-

---

[1] Walner Gachette pleaded guilty to felonious filing of fraudulent and false personal income tax returns for himself for the years 2010 and 2011. *United States v. Walner G. Gachette*, No. 6:15-cr-00062 (Doc. 1 ¶ 28). He has completed his sentence and all restitution from the criminal case has been paid. (*Id.*)

page Answer[2] on September 16, 2020 (Doc. 89). The Government separately filed a Motion on November 19, 2020 seeking entry of default judgment against Gachette in his capacity as trustee of the Walner G. Gachette Living Trust, his wife, and the two alter-ego entities, after these Defendants failed to respond to the Complaint and the Clerk entered defaults against them. (Doc. 109).[3]

In the two pending Motions (Docs. 106, 109), the Government seeks to obtain a judgment against Walner Gachette for unpaid, assessed federal tax liabilities and penalties under Internal Revenue Code § 6701 for five years totaling $1,692,540.92,[4] and to enforce federal tax liens against the 24 listed residential real properties that Walner Gachette directly or indirectly controls. Of the 24 properties identified, one is titled to Walner Gachette; three are titled to his revocable trust; nine are titled to his solely-owned limited liability company (A2Z Rentals, LLC); nine are titled to his wholly-owned corporation (LBS Home Loan, Inc.); and two properties are titled to his wife.

The Government seeks to sell these 24 properties free and clear of any right, claim, or interest of any of the named Defendants, regardless of whether legal title

---

[2] The Answer reads in its entirety: "A lien should not be enforced or added to any homes under my business name. I understand if a lien is put under the homes in my personal name. Also[,] Maria Gachette do [sic] not speak English well and she has nothing to do with this lawsuit." (Doc. 89 at 1). As Judge Kidd noted, the Answer does not address the sufficiency of the pleadings, or otherwise deny or assert affirmative defenses regarding the Assessments. (Doc. 113 at 14).

[3] The Government also named as Defendants certain lien-holding homeowners associations, Florida counties, and county tax collectors, who have all entered into stipulations.

[4] The income tax liabilities for years 2012, 2013, 2014, 2017, and 2018, penalties, interest, and statutory additions are clearly set forth by Judge Kidd in a table in the Report and Recommendation (Doc. 113 at 5-7).

is held directly by Gachette or the related entities, and to enforce the judgment against him in *United States v. Walner Gachette,* No. 6:14-cv-01539-ACC-EJK, for disgorgement of unjust profits by recourse to the 24 residential properties.

United States Magistrate Judge Embry J. Kidd submitted two Reports and Recommendations on May 20, 2021 recommending that: (1) the Motion for Judgment on the Pleadings against Gachette individually be granted in part (Doc. 113); and (2) the Motion for Default Judgment against the related entities also be granted in part (Doc. 114). As Judge Kidd noted, no responses to the Motions were filed. Neither Gachette nor his related entities named as Defendant have timely filed any objections within the fourteen-day objection period to the Magistrate Judge's Reports and Recommendations.[5]

After an independent *de novo* review of the record in this matter, and noting that no objections were timely filed, the Court agrees entirely with the findings of fact and conclusions of law in the Reports and Recommendations (Docs. 113, 114).

Therefore, it is **ORDERED** as follows:

1. The Report and Recommendation filed May 20, 2021 (Doc. 113) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

2. The Report and Recommendation filed May 20, 2021 (Doc. 114) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

---

[5] Objections were due by June 7, 2021, which includes three additional days since service on the Defendants of the two Reports and Recommendations was by mail.

3. The United States of America's Motion for Judgment on the Pleadings (Doc. 106) is hereby **GRANTED in part**.

4. It is **ORDERED** that the United States is awarded judgment against Walner G. Gachette for income tax liabilities and penalties, interest, and statutory additions in the amount of **$1,692,540.79**.

5. The United States of America's Motion for Default Judgment (Doc. 109) is hereby **GRANTED in part.**

6. It is **ORDERED** that the United States is awarded default judgment against Walner G. Gachette as Trustee of the Walner G. Gachette Living Trust, A2Z Rentals, LLC, LBS Home Loan, Inc., and Maria Gachette.

7. It is further **ORDERED** that the properties titled to the Walner G. Gachette Living Trust, A2Z Rentals, LLC, LBS Home Loan, Inc., and Maria Gachette are subject to the Tax Liens against Walner Gachette and may be enforced through an Internal Revenue Code § 7403 action.

8. It is further **ORDERED** that the United States is entitled to judgment that the real properties listed in the table below titled to the Walner G. Gachette Living Trust, A2Z Rentals, LLC, LBS Home Loan, Inc., and Maria Gachette are subject to enforcement by the United States of the disgorgement judgment previously entered by the Court on November 16, 2016 in *United States of America v. Walner G. Gachette*, No. 6:14-cv-01539-ACC-EJK (Doc. 63).

9. It is further **ORDERED** that the United States is granted judgment that the following real properties titled in the names listed in the table below are subject to the federal tax liens arising from Walner G. Gachette's federal tax liabilities pursuant to Internal Revenue Code §§ 6321 and 6322:

| ADDRESS OF REAL PROPERTY: | TITLED IN NAME OF: |
|---|---|
| 2932 Willie Mays Parkway, Orlando, Florida | Walner G. Gachette |
| 14404 Hertha Avenue, Orlando, Florida | Walner G. Gachette Living Trust |
| 4646 Zorita Street, Orlando, Florida | Walner G. Gachette Living Trust |
| 5804 Laconia Road, Orlando, Florida | Walner G. Gachette Living Trust |
| 14 S Apollo Drive, Apopka, Florida | A2Z Rentals, LLC |
| 332 Apopka Hills Circle, Apopka, Florida | A2Z Rentals, LLC |
| 5251 Clarion Hammock Drive, Orlando, Florida | A2Z Rentals, LLC |
| 2081 San Jose Boulevard, Orlando, Florida | A2Z Rentals, LLC |
| 10125 Donhill Court, Orlando, Florida | A2Z Rentals, LLC |
| 3519 Clear Stream Drive, Orlando, Florida | A2Z Rentals, LLC |
| 2132 Rouse Lake Road, Orlando, Florida | A2Z Rentals, LLC |
| 705 Spring Creek Drive, Ocoee, Florida | A2Z Rentals, LLC |
| 1172 Salina Avenue, Port Charlotte, Florida | A2Z Rentals, LLC |
| 1413 Pine Lake Road, Orlando, Florida | LBS Home Loan, Inc. |
| 11110 Iron Bridge Road, Orlando, Florida | LBS Home Loan, Inc. |
| 9817 Carmel Park Drive, Orlando, Florida | LBS Home Loan, Inc. |
| 2437 Stone Cross Circle, Orlando, Florida | LBS Home Loan, Inc. |
| 7954 Soft Pine Circle, Orlando, Florida | LBS Home Loan, Inc. |
| 2182 Patterson Avenue, Orlando, Florida | LBS Home Loan, Inc. |
| 2129 Hillcrest Road, Auburndale, Florida | LBS Home Loan, Inc. |
| 1096 Stewart Avenue, Frostproof, Florida | LBS Home Loan, Inc. |
| 3115 Wiley Avenue, Mims, Florida | LBS Home Loan, Inc. |
| 4785 Piedmont Court, Orlando, Florida | Maria Gachette |
| 1318 Queensway Road, Orlando, Florida | Maria Gachette |

10. The Clerk is **DIRECTED** to enter judgment in accordance with the foregoing and close the case. The Court retains jurisdiction to address the sale of the properties, confirmation of the sale, and related matters.

11. To the extent the Motions filed by the United Sates (Docs. 106, 109) sought to obtain a determination of lien priority, forced sale, and/or distribution of sale proceeds of the real properties listed in the table above, the Motions are **DENIED without prejudice**. The Court will enter a separate order addressing the Government's Motion for Order of Sale (Doc. 115) and Supplement for Order of Sale (Doc. 117).

**DONE** and **ORDERED** in Orlando, Florida on July 9, 2021.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties